## IN THE CIRCUIT COURT OF CITY OF SAINT LOUIS, MISSOURI
## CIRCUIT JUDGE DIVISION

| | |
|---|---|
| CANDICE A. EVANS ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Division: |
| ) | |
| SHC SERVICES, INC. ) | JURY TRIAL DEMANDED |
| d/b/a SUPPLEMENTAL HEALTH CARE ) | |
| ) | |
| Serve: Registered Agent ) | |
| CSC-LAWYERS INCORPORATING ) | |
| SERVICE COMPANY ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

### PETITION FOR DAMAGES

COMES NOW, Plaintiff, Candice A. Evans, individually and on behalf of all others similarly situated, by and through undersigned counsel and hereby states for their Petition for Damages against Defendant SHC Services, Inc. d/b/a Supplemental Health Care (hereinafter Supplemental Health Care), hereby states and alleges the following:

### NATURE OF THE ACTION

1. Defendant employs nurses in the healthcare industry with locations throughout the State of Missouri, with its main office located at 11960 Westline Industrial Dr., Suite 201, St. Louis, MO 63146.

2. During the relevant time preceding this action, Defendant did not pay its employees for the correct amount of time they worked during the day, subtracting a half hour from their pay-checks for a lunch break even though the employees did not take a lunch break, therefore failing to pay them the correct wages owed and the correct amount of overtime wages.

1

3. Plaintiff seeks to recover the underpaid wages and unpaid overtime wages under the Missouri wage and hour statutes.

## JURISDICTION AND VENUE

4. Missouri law authorizes Court action by private parties to recover damages in violation of Missouri's wage and hour laws. Section 290.527 RSMo.

5. Venue in this circuit is proper because the named Plaintiff was employed within City of St. Louis, State of Missouri and the unlawful conduct giving rise to the claims occurred in this circuit. Defendant also employed other employees in this circuit.

## PARTIES

6. Plaintiff Candice A. Evans ("Plaintiff") is an individual and a resident of the State of Missouri.

7. Defendant SHC Services, Inc. is a foreign (Delware) for-profit corporation, that at all relevant times herein conducted business within City of Saint Louis, Missouri doing business as the name 'Supplemental Health Care'.

8. Plaintiff bring Count I of this lawsuit as a Class Action under the Missouri Wage Laws, RSMo. Section 290.500 et seq. and Missouri rules of civil procedure on behalf of themselves and all other similarly situated employees within the last three years preceding the date of filing this action.

9. Plaintiff brings Count II, III and IV of this lawsuit as a class actions under Missouri common law on behalf of herself and all other similarly situated employees within the last five years.

2

**CLASS ACTION ALLEGATIONS**

10. Plaintiff bring Counts I, II, III and IV of this lawsuit as an "opt-out" class action under Missouri common law and Missouri Rules of Civil Procedure on behalf of herself and all other similarly situated employees.

11. Plaintiff individually and on behalf of similarly situated employees seek relief challenging Defendant's violations of state law, failing to pay the required straight pay wage and overtime compensation and practice of willfully failing to keep accurate time records.

12. Plaintiff brings Count I of this Petition as a class action on behalf of herself and as the class representatives of the following persons:

> (a) all current and former employees employed by Defendant within the State of Missouri as nurses who were paid a hourly wage within three years preceding the date of filing this action.

13. Plaintiff brings Count II, III and IV of this Petition as a class action on behalf of herself and as the class representatives of the following persons:

> (a) all current and former employees employed by Defendant within the State of Missouri as nurses who were paid a hourly wage within five years preceding the date of filing this action.

14. The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated employees who do not opt out of the class action (hereinafter "the Class")

15. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

16. The class satisfies the numerosity standards. The class consists of multiple persons who maybe geographically disbursed. As a result, joinder of all class members in a single action

is impractical. Class members may be informed of the pendency of this class action through direct mail.

17. Questions of fact and law common to the class predominate over any questions effecting only individual members. Questions of law and fact arising from Defendant's actions include, without limitation the following:

(a) whether Defendant failed to pay class members wages and overtime required under R.S. Mo. § 290.500 et seq.;

(b) whether Defendant failed to fully and adequately record the hours worked by class members as required under R.S. Mo. § 290.500 et seq;

(c) whether Defendant is liable to class members pursuant to its breach of its contract with those members;

(d) whether Defedant is liable to class members purusuant to Quantum Meruit, and

(e) whether Defendant has been unjustly enriched by its failure to pay class members to time worked.

(f) The questions set forth above predominate any questions effecting only individual persons and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

18. Plaintiff's claims are typical of those of the Class and the Class Members in that the Class members have been employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

4

19. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of Class members to protect their interests.

20. Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of other members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced in prosecuting wage and hour, employment, and class action litigation.

21. Maintenance of this action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**COUNT I – VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS**

22. Plaintiffs re-alleges and incorporates by reference all facts contained in the previous paragraphs of their Petition as though fully stated herein.

23. This count is brought pursuant to Section 290.527 R.S.Mo.

24. Defendant employed Plaintiff as a nurse.

Electronically Filed - St Louis County - May 28, 2020 - 06:53 PM

Electronically Filed - St Louis County - May 28, 2020 - 06:53 PM

25. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws. R.S.Mo. § 290.500(3) *et seq.*

26. Missouri's wage and hour laws regulate, among other things, the payment of straight-pay wages and overtime wages by employers, subject to limited exemptions not applicable herein. R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

27. During all times relevant to this action, Defendant were the "employer" of Plaintiff and the Class within the meaning of the Missouri's wage and hour laws. R.S.Mo. §§ 290.500(3) & (4).

28. During all times relevant to this action, Plaintiff and the Class were Defendant's "employees" within the meaning of Missouri's wage and hour laws. R.S.Mo. § 290.500(3).

29. Pursuant to Missouri's wage and hour laws, employees are entitled to be compensated for all the hours that they work including at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a work week. R.S.Mo. §290.505.1.

30. Plaintiff were not allowed to exercise discretion and independent judgment with respect to matters of significance.

31. Plaintiff did not and do not qualify as exempt employee as defined by applicable State and Federal statutes.

32. Upon reason and belief, Defendant has an annual gross volume of sales made or business done in excess of $500,000.00.

33. By failing to recognize and pay Plaintiff and Class Members for their actual hours worked, Defedant reduced the total number of hours on Plaintiff's and Class Members' paychecks.

34. Defendant underpaid the straight-pay wage owed to its employees for working during the half hour lunch they had deducted from their paychecks in violation of Missouri law.

35. Plaintiff and similarly situated employees have consistently worked for less than the required wage owed under Missouri law.

36. As a result of the underpayment of the straight-pay wages, Defendant also underpaid the amount of overtime pay it owed Plaintiff and similarly situated employees.

37. Defendant failed to record the proper amount of hours its employees worked per pay period.

38. The Plaintiff and similarly situated employees paychecks did not accurately reflect the amount of hours they worked in an earning period.

39. Based on Defendant underpaying the straight-pay wage and overtime compensation owed and failing to keep accurate time records, Plaintiff and similarly situated employees have not been compensated for all time worked.

40. Consequently, Plaintiff and similarly situated employees consistently worked without compensation.

41. Plaintiff and similarly situated employees are entitled to compensation for time they worked.

42. Defendant deliberate failure to pay the Plaintiff and similarly situated employees their earned wages and overtime compensation violates Missouri law.

Electronically Filed - St Louis County - May 28, 2020 - 06:53 PM

43. Defendant has willfully and intentionally engaged in a persistent uniform pattern and company-wide practice of violating Missouri's Wage Law by willfully failing to pay the required Missouri straight-pay wage and overtime compensation and willfully failing to keep accurate time records.

44. The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

45. Defendant thus enjoyed ill gained profits at the expense of the Plaintiff and similarly situated employees.

46. Defendant's failure to pay the correct amount of compensation, as described above, in violation of Missouri's Wage Law, has been willful and was not the result of a good faith contest or dispute.

47. Plaintiff and the Class are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Class members.

48. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid regular and overtime wages due within three years preceding the filing of this Petition plus periods of equitable tolling along with an additional amount as liquidated damages. R.S.Mo. § 290.527.

49. Plaintiff and the Class are entitled to an award of pre-judgment and post judgment interest at the applicable legal rate.

50. Defendant are liable pursuant to R.S.Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, on Count I of this Petition, Plaintiff and all similarly situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorney's fees and costs as allowed by R.S. Mo § 290.527; (4) prejudgment and post judgment interest as provided by law; (5) all other relief afforded under the Missouri Wage Laws; and (6) such other relief as the Court deems fair and equitable.

## COUNT II – BREACH OF CONTRACT

51. Plaintiffs re-alleges and incorporates by reference all facts contained in the previous paragraphs of their Petition as though fully stated herein.

52. Defendant hired and employed Plaintiff and all similarly situated employees at a fixed hourly wage rate.

53. Defendant agreed to pay Plaintiff and all similarly situated employees at an expressly stated rate of pay that the employees would earn for each hour worked.

54. For each half hour Plaintiff and all similarly situated employee worked "off-the-clock" were at the direction and behest of Defendant, not voluntarily performed, but done with the expectation of earning their respective hourly wage.

55. Defendant did not pay its employees for the correct amount of time they worked during the day, subtracting a half hour from their pay-checks for a lunch break even though the employees did not take a lunch break, such that Defendant failed to compensate them the correct wages owed.

56. Defendant is liable to Plaintiff and all similarly situated employees for the damages incurred as a result of Defendant's failure to pay them for their off-the-clock work.

**WHEREFORE**, on Count II of this Petition, Plaintiff and all similarly situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) pre-judgment

Electronically Filed - St Louis County - May 28, 2020 - 06:53 PM

and post judgment interest as provided by law; (3) fees and costs; (4) such other relief as the Court deems fair and equitable.

### COUNT III – QUANTUM MERUIT

57. Plaintiffs re-alleges and incorporates by reference all facts contained in the previous paragraphs of their Petition as though fully stated herein.

58. Defendant recognized the benefits conferred upon it by Plaintiff and others similarly situated.

59. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

60. Defendant has thereby been unjustly enriched and/or Plaintiff and other similarly situated employees have been damaged.

61. The payment requested by Plaintiff and others similarly situated employees for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

62. Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

63. Plaintiff and the Class are entitled to an award of pre-judgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, on Count III of this Petition, Plaintiff and all similarly situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) pre-judgment and post judgment interest as provided by law; (3) all other relief afforded under the Missouri common law; (4) such other relief as the Court deems fair and equitable.

10

## COUNT IV – UNJUST ENRICHMENT

64.     Plaintiffs re-alleges and incorporates by reference all facts contained in the previous paragraphs of their Petition as though fully stated herein.

65.     Plaintiff and others similarly situated employees conferred benefits on Defendant in the form of unpaid labor and Defendant received such benefits conferred upon it by Plaintiff and those similarly situated.

66.     Defendant appreciated the fact of the benefits.

67.     Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

68.     Defendant has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

69.     Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

70.     Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

**WHEREFORE**, on Count IV of this Petition, Plaintiff and all similarly situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) pre-judgment and post judgment interest as provided by law; (3) all other relief afforded under the Missouri common law; (4) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class hereby request a trial by jury as to all issues triable by jury.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: /s/ Kevin J. Kasper
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF AND ALL THOSE SIMILARLY SITUATED*

12